# EXHIBIT A

**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| COMMISSIONER OF THE DEPARTMENT OF LICENSING AND CONSUMER AFFAIRS; and GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>       Plaintiffs,<br><br>v.<br><br>PEPSICO, INC.;<br>PEPSICO CARIBBEAN, INC.;<br>THE COCA-COLA COMPANY; and<br>CC ONE VIRGIN ISLANDS, LLC,<br><br>       Defendants. | Case No. ___ |

**DECLARATION OF ANDREW C. SIMPSON
IN SUPPORT OF NOTICE OF REMOVAL**

I, Andrew C. Simpson, declare as follows:

1.    I am a member in good standing of the bar of the U.S. Virgin Islands. I am a partner of Andrew C. Simpson, P.C. and counsel of record for Defendants PepsiCo, Inc. and PepsiCo Caribbean, Inc. (collectively, "PepsiCo") in this action. I submit this declaration in support of PepsiCo's Notice of Removal filed herewith.

2.    The information in this declaration is based on my personal knowledge. If called upon, I could and would testify competently to the facts set forth herein.

3.    Plaintiffs in the action captioned *Commissioner of the Department of Licensing and Consumer Affairs et al. v. PepsiCo, Inc. et al.*, No. SX-2025-CV-00102, in the Superior Court of the Virgin Islands (the "Superior Court Action"), named four Defendants: PepsiCo, Inc.; PepsiCo Caribbean, Inc.; The Coca-Cola Company; and CC One Virgin Islands, LLC.

2

4.      To my knowledge, Defendant PepsiCo Caribbean, Inc. has not been served with summons or with a copy of the Complaint. Moreover, Plaintiffs have filed in the Superior Court Action documents purporting to be affidavits of service only for Defendants PepsiCo, Inc. and The Coca-Cola Company ("Coca-Cola"). *See infra* ¶¶ 5(e)–(f).

5.      Attached hereto as **Exhibits B–G** are true and correct copies of all process, pleadings, and orders served upon Defendants in the Superior Court Action.

a.      Attached hereto as **Exhibit B** is a true and correct copy of the Complaint filed in the Superior Court Action on April 11, 2025.

b.      Attached hereto as **Exhibit C** are true and correct copies of the summons and proof of service of the Complaint served on PepsiCo, Inc. on April 21, 2025.

c.      Attached hereto as **Exhibit D** are true and correct copies of the summons and proof of service of the Complaint served on Coca-Cola on April 17, 2025.

d.      Attached hereto as **Exhibit E** are true and correct copies of the summons and proof of service of the Complaint served on CC One Virgin Islands, LLC on May 13, 2025.

e.      Attached hereto as **Exhibit F** is a true and correct copy of the document titled "Notice of Filing" and Exhibits A and B thereto filed in the Superior Court Action by Plaintiffs on May 5, 2025. According to the document, Exhibits A and B thereto purport to be, respectively, an affidavit of service on PepsiCo, Inc. on April 21, 2025, and an affidavit of service on Coca-Cola on April 17, 2025.

f.      Attached hereto as **Exhibit G** is a true and correct copy of the document titled "Amended Notice of Filing" and Exhibits A and B thereto filed in the Superior Court Action by Plaintiffs on May 5, 2025. According to the document, Exhibits A

and B thereto purport to be, respectively, an affidavit of service on PepsiCo, Inc. on April 21, 2025, and an affidavit of service on Coca-Cola on April 17, 2025.

6.      All Defendants who have been properly joined and served join in or consent to the removal of the Superior Court Action to the District Court of the Virgin Islands.

    a.      Attached hereto as **Exhibit H** is the written consent of Coca-Cola to the removal of the Superior Court Action to this Court.

    b.      Attached hereto as **Exhibit I** is the written consent of CC One Virgin Islands, LLC to the removal of the Superior Court Action to this Court.

    c.      PepsiCo, Inc. joins in and consents to the removal of the Superior Court Action to this Court because it is a signatory to the Notice of Removal.

    d.      PepsiCo Caribbean, Inc. to my knowledge has not been properly served with summons or with a copy of the Complaint. *See supra* ¶ 4. PepsiCo Caribbean, Inc. therefore need not join in or consent to the removal of the Superior Court Action. Nevertheless, out of an abundance of caution, PepsiCo Caribbean, Inc. joins in the removal of the Superior Court Action because it is a signatory to the Notice of Removal. By so joining, however, PepsiCo Caribbean, Inc. does not waive or forfeit any defense, including insufficient process or insufficient service or process.

7.      Attached hereto as **Exhibits J–N** are true and correct copies of filings in the action captioned *United States v. Government of the Virgin Islands et al.*, No. 3:10-cv-00048-RAM-RM, in the District Court of the Virgin Islands (the "United States Action").

    a.      Attached hereto as **Exhibit J** is a true and correct copy of D.I. 89-1 of the United States Action, titled "Partial Consent Decree with Government of the U.S. Virgin

Islands and Virgin Islands Waste Management Authority Regarding Anguilla Landfill" ("Anguilla Consent Decree").

b.      Attached hereto as **Exhibit K** is a true and correct copy of D.I. 61-1 of the United States Action, titled "Partial Consent Decree with Government of the U.S. Virgin Islands and Virgin Islands Waste Management Authority Regarding Bovoni Landfill."

c.      Attached hereto as **Exhibit L** is a true and correct copy of D.I. 98 of the United States Action, titled "Order," approving, with amendment, the Anguilla Consent Decree, D.I. 89-1.

d.      Attached hereto as **Exhibit M** is a true and correct copy of D.I. 87 of the United States Action, titled "Order," approving, with amendment, the Bovoni Consent Decree, D.I. 61-1.

e.      Attached hereto as **Exhibit N** is a true and correct copy of D.I. 4 of the United States Action, the United States' Amended Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May, 2025, at Christiansted, St. Croix, U.S. Virgin Islands.

/s/ Andrew C. Simpson

Andrew C. Simpson

5