IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| **COMMISSIONER OF THE DEPARTMENT OF LICENSING AND CONSUMER AFFAIRS, ET AL.,**<br><br>          **PLAINTIFFS,**<br><br>     V.<br><br>**PEPSICO, INC., ET AL.**<br><br>          **DEFENDANTS.** | **CASE NO. 1:25-CV-00024** |

**UNCONTESTED MOTION TO EXTEND DEADLINE
TO RESPOND TO THE COMPLAINT**

PepsiCo, Inc., PepsiCo Caribbean, Inc., and The Coca-Cola Company jointly and respectfully move unopposed to extend the deadline to respond to the Complaint in this matter on their behalf as well as on behalf of CC One Virgin Islands, LLC.[1] Movants have conferred with counsel for the Plaintiffs who consents to the relief requested in this motion.

Plaintiffs filed their Complaint in the Superior Court of the Virgin Islands on April 11, 2025. *See* Doc. No.1-2. PepsiCo, Inc. and PepsiCo Caribbean, Inc.—with the consent of The Coca-Cola Company and CC One Virgin Islands, LLC—timely removed the action to this Court on May 19, 2025. *See* Doc. No. 1. Plaintiffs have advised undersigned counsel that there is "a high probability" that they will move to

---

[1] CC One Virgin Islands, LLC has not yet appeared in the action but has asked that the parties seek an extension on its behalf as well.

remand. Under 28 U.S.C. § 1447(c), Plaintiffs have 30 days from the date of removal to file a motion to remand.

It will take some time for the Defendants to properly investigate the allegations of the 43-page Complaint and to prepare an appropriate response. Further, because of procedural differences between proceedings in this Court and the Superior Court, the Defendants' responses to the Complaint may differ depending upon which court ultimately presides over the action. As just one example, the Superior Court allows notice pleading whereas a complaint in this Court must be plead plausibly.

Moreover, allowing the parties and the Court to focus on any motion for remand before turning to the merits and pleadings will conserve party and judicial resources. Consequently, counsel for Defendants have conferred with counsel for Plaintiffs, and the parties have agreed, subject to the Court's approval, that the deadline for the Defendants to respond to the Complaint is extended to the later of (1) July 18, 2025, 60 days from May 19, 2025, the date of removal (applicable if Plaintiffs do not timely move for remand); or (2) 30 days after the disposition of any motion to remand filed in this Court (applicable if Plaintiffs do timely move for remand).

Federal Rule of Civil Procedure 6(b) provides that the Court may extend the time for filing for good cause if the request is made before the original time for filing. In this case, the earliest that responses to the Complaint would be due is May 26, 2025, seven days after removal. Fed. R. Civ. P. 81(c)(2)(C). This uncontested motion is therefore timely because it is filed on or before May 26, 2025.

Defendants submit that they have shown good cause for the extension and

respectfully request that their uncontested motion be granted.

Respectfully submitted,

Dated: May 23, 2025

| | |
|---|---|
| **ANDREW C. SIMPSON, P.C.**, <br> Counsel for PepsiCo, Inc. and PepsiCo Caribbean, Inc. | **DUDLEY NEWMAN FEUERZEIG LLP** <br> Counsel for The Coca Cola Company |
| /s/ Andrew C. Simpson <br> VI Bar No. 451 <br> ANDREW C. SIMPSON, P.C. <br> 2191 Church Street, Suite 5 <br> Christiansted, VI 00820 <br> 340.719.3900 <br> asimpson@coralbrief.com | /s/ Chad C. Messier <br> VI Bar No. 497 <br> 1000 Frederiksberg Gade <br> St. Thomas, VI 00802 <br> 340.774.4422 <br> Cmessier@dnfvi.com |