IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| COMMISSIONER OF THE DEPARTMENT OF LICENSING AND CONSUMER AFFAIRS; and GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>                    Plaintiffs,<br><br>  v.<br><br>PEPSICO, INC.;<br>PEPSICO CARIBBEAN, INC.;<br>THE COCA-COLA COMPANY; and<br>CC ONE VIRGIN ISLANDS, LLC,<br><br>                    Defendants. | Civil Action No. 1:25-CV-00024 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**

# **TABLE OF CONTENTS**

1. **Plaintiffs' claims do not necessarily raise substantial, disputed federal issues.** .............. 2

   a. The Complaint does not necessarily raise federal issues. .............................................. 2

   b. The federal issues underlying the Decrees are not actually disputed and central to the action, they are peripheral. ................................................................................................ 6

   c. The federal issues are not substantial to the federal system as a whole. ......................... 7

   d. The Decrees do not serve to bring every Complaint that mentions Anguilla and Bovoni into the fold of federal question jurisdiction. ..................................................... 9

2. **The Government's action does not circumvent the Decrees.** ........................................... 9

3. **The text of the Decrees does not create federal jurisdiction.** ......................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Baccus v. Parrish*,
   45 F.3d 958 (5th Cir. 1995) ................................................................................................ 10

*Bartlett v. Honeywell Int'l Inc.*,
   737 Fed. Appx. 543 (2d Cir. 2018) ..................................................................................... 10

*Bd. of Comm'rs of Se. La. Flood Prot. Auth.-East v. Tenn. Gas Pipeline Co.*,
   29 F. Supp. 3d 808 (E.D. La. 2014) ...................................................................................... 4

*Boyle v. United Techs. Corp.*,
   487 U.S. 500 (1988) .......................................................................................................... 8, 9

*City of Hoboken v. Chevron Corp.*,
   45 F.4th 699 (3d Cir. 2022) ................................................................................................... 3

*Empire Healthchoice Assur., Inc. v. McVeigh*,
   547 U.S. 677 (2006) .......................................................................................................... 2, 7

*Gardiner v. St. Crox District Governing Board of Directors*,
   859 F. Supp. 2d 728 (D.V.I. 2012) ........................................................................................ 5

*Gov't U.S. Virgin Islands v. ServiceMaster Co.*,
   2019 VI SUPER 164 (V.I. Super. Ct. Nov. 27, 2019) ........................................................... 3

*Gov't U.S. Virgin Islands v. Takata*,
   67 V.I. 316 (V.I. Super. Ct. 2017) ......................................................................................... 3

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*,
   545 U.S. 308 (2005) ............................................................................................................... 7

*Gunn v. Minton*,
   568 U.S. 251 (2013) ............................................................................................................... 7

*Gurlea v. Dudley*,
   2023 WL 2708988 (D.V.I. Mar. 30, 2023) .................................................................... 2, 7, 8

*Hamed v. Yusuf*,
   2012 WL 5830709 (D.V.I. Nov. 16, 2012) ........................................................................... 5

*Hartel v. Beazer East, Inc.*,
   2025 WL 964007 (W.D. Pa. Mar. 31, 2025) .......................................................................... 5

*Herrold v. Contigroup Cos.*,
   2005 WL 8158999 (W.D. Mo. July 26, 2005) ....................................................................... 4

*Hill Int'l Inc. v. Virgin Islands Pub. Finan. Auth., Off. of Disaster Recovery*,
   2025 WL 756696 (D.V.I. Mar. 5, 2025) .............................................................................. 10

*MHA LLC v. HealthFirst, Inc.*,
   629 Fed. Appx. 409 (3d Cir. 2015) .................................................................................. 4, 7

*Police Ass'n of New Orleans v. City of New Orleans*,
   572 F. Supp. 3d 265 (E.D. La. 2021) ..................................................................................... 4

*Rodriguez v. Hovensa, L.L.C.*,
   2014 WL 1308836 (D.V.I. Mar. 31, 2014) ............................................................................ 5

*Royal Canin U.S.A., Inc. v. Wullschleger*,
   2025 WL 96212 (Jan. 15, 2025) ........................................................................................... 10

*Tires v. Gov't of V.I.*,
   68 V.I. 241 (Super. Ct. 2018) ............................................................................................... 10

*United States v. City of Loveland*,
   621 F.3d 465 (6th Cir. 2010) ............................................................................................ 4, 8

**Statutes**

US Virgin Islands Code Title 12A § 104(e) ..................................................................................... 3

The PepsiCo Defendants mischaracterize the law and the Government's claims to contrive a basis for federal jurisdiction where none exists. They unilaterally rewrite the Complaint and claim the Government alleges that plastic pollution in the Virgin Islands is "the result of the landfills having reached capacity." Doc. 64 ("Opposition") at 14 (citing Doc. 1-2 ("Complaint")). This is not true. The Government references the consent decrees concerning the Anguilla and Bovoni landfills (collectively, "Decrees") in the Complaint as one of many illustrative manifestations of the plastic waste crisis facing the Virgin Islands, not as the cause of the crisis. The Government alleges that Defendants contribute to plastic pollution by deceptively representing the recyclability and environmental impact of their single-use plastic bottles. The Decrees require the Government to take certain steps to improve its waste management practices, including phasing out the Anguilla and Bovoni landfills; these requirements do not relieve Defendants of their obligations to comply with the law in the marketing and selling of their plastic products.

Should the PepsiCo Defendants wish to present evidence of the Decrees to attempt to rebut the Government's evidence, they are entitled to do so. However, that does not subvert, supplant, or otherwise alter the jurisdictional remand inquiry the Court must perform here, which is cabined to the allegations the Government asserts in the Complaint.

Nothing in the PepsiCo Defendants' response changes that: (1) the Complaint's reference to the Decrees does not necessarily raise substantial, actually disputed federal issues; (2) none of the authority raised in the PepsiCo Defendants' Opposition, much of which is repeated from the PepsiCo Defendants' Notice of Removal (Doc. 1) and distinguished in the Government's Motion to Remand (Doc. 47), supports a finding of federal jurisdiction; and (3) the terms of the Decrees

do not require the Government to litigate its claims in federal court merely because the Complaint acknowledges the Decrees. For these reasons, remand is required.

**1. Plaintiffs' claims do not necessarily raise substantial, disputed federal issues.**

To show that this case belongs in the "'special and small category'" of territorial-law cases that may nonetheless be lawfully heard in federal court, the PepsiCo Defendants argue all four *Grable* factors are met. *Gurlea v. Dudley*, 2023 WL 2708988 at *3 (D.V.I. Mar. 30, 2023). They are wrong. None of the *Grable* factors support the extension of federal question jurisdiction to the Government's claims, which decisively turn on Territorial facts and law. *See id.* ("The Supreme Court has stressed that federal question jurisdiction requires 'more than a federal element to open the arising under door,' and therefore, it is a rare case that a state law claim satisfies all four of the *Grable* factors.") (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

**a. The Complaint does not necessarily raise federal issues.**

The PepsiCo Defendants incorrectly contend that federal issues are necessarily raised by the existence of the Decrees because the Government's compliance with the consent decree is an element of each cause of action. Opp'n at 6. Specifically, the PepsiCo Defendants argue that: (1) a court cannot assess whether Defendants' distribution and marketing of single-use plastic bottles proximately caused the asserted public nuisance without interpreting the Decrees and making findings about the Government's compliance with them; (2) for a court to find Defendants violated Virgin Islands' consumer protection laws, it must evaluate the availability of plastic recycling in the Virgin Islands and local public knowledge regarding recycling practices, which implicates the Decrees; and (3) any abatement order must be crafted with the requirements of the Decrees. *Id*. These arguments misstate the Government's claims and fail the "necessarily raised" prong of the *Gunn-Grable* analysis.

2

The Government's claims do not require construction or interpretation of the Decrees. *See* Doc. 47 ("Memorandum") at 9–12. The Government alleges that Defendants violated Virgin Island law because of their ***own*** conduct. For example, the Government alleges that Defendants contributed to and/or assisted in the creation of plastic pollution by manufacturing, bottling, distributing, and selling beverages packaged in single-use plastic bottles in the Virgin Islands while falsely marketing the recyclability and environmental impact of these products. Compl. ¶ 95. The Government also alleges that Defendants engaged in unfair and deceptive practices in the marketing and promotion of their products packaged in single-use plastic bottles.[1] *Id*. ¶¶ 88–91. These claims relate to Defendants' marketing and sales practices on which the Decrees have no bearing. The PepsiCo Defendants' Opposition makes clear their true intention, which is to raise the Government's compliance with the Decrees as part of a purported defense. However, it is well-established that a federal defense cannot give rise to federal jurisdiction under the well-pleaded complaint rule. *See City of Hoboken v. Chevron Corp.,* 45 F.4th 699, 708 (3d Cir. 2022) ("The rule [is] that a federal defense, like ordinary preemption, does not justify removal.") (internal quotation marks omitted)); *see also* Mem. at 6–8.

---

[1] The PepsiCo Defendants state that the Government must show Defendants deceived consumers about the recyclability of their bottles. Opp'n at 9. That is not what the Virgin Island consumer protection statutes requires. *See* 12A V.I.C. § 104(e) ("To establish a cause of action under this section, it need not be shown that consumers are being or were actually injured."); *see also Gov't U.S. Virgin Islands v. Takata*, 67 V.I. 316, 384 (V.I. Super. Ct. 2017) ("With respect to public enforcement of [the Consumer Protection Law of 1973], the statute explicitly provides that 'it need not be shown that consumers are being or were actually injured[.]'"); *Gov't U.S. Virgin Islands v. ServiceMaster Co.*, 2019 VI SUPER 164, ¶ 19 (V.I. Super. Ct. Nov. 27, 2019) (consumers need not have "read, heard, or relied upon misrepresentations").

The PepsiCo Defendants also fail to cite any support for their contention that for a court to find Defendants violated the Virgin Island consumer protection laws, it must first evaluate the availability of plastic recycling in the Virgin Islands and local public knowledge regarding recycling practices. Even if those were elements of a consumer protection claim, they have no connection to the Government's compliance with the Decrees.

3

Additionally, an order providing for abatement of Defendants' conduct would not have to be crafted with the requirements of the Decrees. Opp'n at 5. Moreover, an abatement order would not—and could not—modify the Decrees. The Government's obligations under the Decrees would stand independent of any future judgment or abatement order, which would address Defendants' conduct (*e.g.*, by enjoining the Defendants from engaging in continuing deceptive marketing or requiring Defendants to collect, recycle, or remove single-use plastic marketed and sold in the Virgin Islands). Even if a court needed to consider the Decrees in fashioning an abatement order, that does not make the federal issue "necessarily raised." *See MHA LLC v. HealthFirst, Inc.*, 629 Fed. Appx. 409, 414 (3d Cir. 2015) ("The fact that federal law may . . . 'shape or even limit the remedy that Plaintiff may obtain' does not mean that federal law is a necessary component of the cause of action.").

None of the out-of-jurisdiction authority cited by the PepsiCo Defendants supports the proposition that the Decrees are "necessarily raised" by the Government claims. *See* Opp'n at 7–11 (citing *Herrold v. Contigroup Cos.*, 2005 WL 8158999 at *2 (W.D. Mo. July 26, 2005); *Police Ass'n of New Orleans v. City of New Orleans*, 572 F. Supp. 3d 265, 275 (E.D. La. 2021); *United States v. City of Loveland*, 621 F.3d 465, 472 (6th Cir. 2010)). The PepsiCo Defendants mistakenly characterize the Government's prior distinction of these cases as "the defendant there, not the plaintiff, was party to the federal consent decree." Opp'n at 11–12. But instead, as the Government previously stated, the cases relied on by the PepsiCo Defendants involve a party seeking to ***enforce*** the relevant decree's ***terms*** (and *not* a defendant raising the decree as a putative defense). *See* Mem. at 10 n.7. The same is true of the new out-of-jurisdiction authority the PepsiCo Defendants raise. *See* Opp'n at 12 (citing *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-East v. Tenn. Gas Pipeline Co.*, 29 F. Supp. 3d 808, 856 (E.D. La. 2014) (breach of contract claim relating to

4

company's violation of permits issued by federal agency). Here, neither the Government nor Defendants act to enforce the Decrees' terms (nor could they).

The PepsiCo Defendants' attempt to distinguish the Government's cited authority, *Hartel v. Beazer East, Inc.*, 2025 WL 964007 (W.D. Pa. Mar. 31, 2025), is similarly unavailing. Opp'n at 12. The PepsiCo Defendants claim *Hartel* is distinguishable from the Government's action because the defendants failed to establish a link between one of the plaintiff's claims and the federal consent decree, and the plaintiff did not raise the federal consent decree in the complaint. *Id*. As explained above, the Government is not required to show it complied with the Decrees to prevail in this action. Thus, there is no link between the Government's claims and the Decrees. Moreover, neither *Hartel* nor any other case cited by the PepsiCo Defendants find that merely referencing a federal consent decree in a Complaint can form the basis for federal jurisdiction.[2] The *Hartel* court considered multiple factors, including that the claim did not involve a violation of the consent decree. The same is true here.

The PepsiCo Defendants rely on two other cases, *Rodriguez v. Hovensa, L.L.C.*, 2014 WL 1308836 (D.V.I. Mar. 31, 2014), and *Gardiner v. St. Croix District Governing Board of Directors*, 859 F. Supp. 2d 728 (D.V.I. 2012). Neither are instructive. Both *Rodriguez*, 2014 WL 1308836 at *3, and *Gardiner*, 859 F. Supp. 2d at 733, involve state-law causes of action supported by independent state and federal-law theories. The Government has not asserted any federal-law theories. However, even in those cases, this Court found remand was necessary under *Grable* because the federal laws were not essential to the plaintiffs' claims. *Id*.

---

[2] The analysis in *Hamed v. Yusuf*, is similar. 2012 WL 5830709 at *2 (D.V.I. Nov. 16, 2012) (noting claim arose under Virgin Islands partnership law and defendants' proposed defense did not provide sufficient basis for removal).

5

### b. The federal issues underlying the Decrees are not actually disputed and central to the action, they are peripheral.

In seeking to show that "[t]he federal issues are actually disputed and central to the action," The PepsiCo Defendants purport that "the Complaint alleges that plastic pollution beyond the boundaries of the Anguilla and Bovoni landfills *is the result of* the landfills having reached capacity." Opp'n at 14 (citing Compl. ¶ 32) (emphasis in original). But the Complaint **does not** allege that because of Anguilla's and Bovoni's capacity, there exists plastic pollution which constitutes a public nuisance; rather, the Complaint alleges that Anguilla's and Bovoni's lack of capacity are just one of many manifestations of the severity of plastic pollution in the Virgin Islands. *See* Compl. ¶ 32 (alleging that "[d]ue in significant part to Defendants' conduct in falsely promoting and distributing single use plastic, the Virgin Islands faces a waste management crisis,"). The Complaint's reference to the Anguilla and Bovoni landfills are situated alongside other factual allegations describing the alleged public nuisance. *See, e.g.*, Compl. ¶ 2 ("Plastic waste litters the Virgin Islands' beaches, waterways, parks, and numerous other public areas,"); *id*. at ¶ 37 ("[Single-use plastics] inevitably disintegrate into smaller and smaller pieces until they eventually become 'microplastics,' . . . that are readily transported by air, wind, water and the fecal matter of organisms that ingest them. They are currently almost impossible to eradicate in the environment."); *id.* at ¶ 100 ("It is nearly impossible to remove [single use plastic litter] from public areas, particularly once they breakdown into microplastics and nanoplastics.").

The paragraphs mentioning the Anguilla and Bovoni landfills are no different from these other illustrative examples of the widespread single-use plastic pollution in the Virgin Islands, which the Government alleges is a public nuisance caused by Defendants' conduct. For the purpose of establishing the Government's claims, the Complaint's mention of the landfills is no more important, central, or necessary than the Complaint's mention of these other observed

circumstances. Moreover, as discussed above, the Government's compliance with the Decrees is not an element of any claim. Consequently, the federal issues underlying the Decrees are not "central and dispositive in the case;" they are peripheral, circumstantial, and "incidental." *MHA LLC*, 629 Fed. Appx. at 414 (3d Cir. 2015).

### c. The federal issues are not substantial to the federal system as a whole.

The PepsiCo Defendants argue that "the consent decrees' negotiation by federal agencies; the United States' recent reaffirmation in unrelated litigation that state and local law cannot intrude on federal interests, particularly in the environmental context; and the decrees' ratification by the United States and the U.S. Virgin Islands to ensure compliance with two federal statutes," afford a substantial federal interest to the Government's unfair competition, false advertising, and public nuisance claims. Opp'n at 14–15. These arguments are misplaced because, as discussed above, this action will not require the interpretation, modification, or enforcement of the Decrees. Further, when deciding whether a federal issue is substantial, courts consider (1) whether the issue is "one of pure law that will have a dispositive effect on the case as opposed to being 'fact-bound and situation specific,'" (2) whether the court's resolution of the issue will "be controlling in numerous other cases," and (3) if "the Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Gurlea*, 2023 WL 2708988 at *4 (relying on *Empire Healthchoice Assur., Inc.*, 547 U.S. at 700–01; *Gunn v. Minton*, 568 U.S. 251, 262 (2013); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 315 (2005)). Here, the answer to all of these questions is no.

First, the PepsiCo Defendants claim that a court will have to interpret the Decrees to assess what they require of the Government and whether those requirements can be modified to shift these obligations to Defendants. Opp'n at 15. That is incorrect for all the reasons stated above.

7

To the extent a court considers the reach of the Decrees in terms of offsetting Defendants' liability, that interpretation would be fact-bound and situation-specific, particularly since the Government's public nuisance claim extends beyond the two landfills covered by the Decrees and the consumer protection claims relate to Defendants' marketing and sales practices.

Second, the PepsiCo Defendants' argument that the resolution of the federal issue will impact other cases because it will determine whether entities may use private litigation to reassign their federal consent decree obligations is nonsensical. Opp'n at 15–16. That is not an issue in this case for all the reasons explained above. Moreover, even if the Government prevails and is awarded all the relief it seeks against Defendants, the Government's responsibilities under the Decrees will not—and cannot—change. That makes the Government's action distinguishable from *Loveland*. In *Loveland*, 621 F.3d at 467, the plaintiff sought to enforce a federal consent decree by preventing the defendant from terminating a contract mandated by the federal consent decree. The Government is not seeking to terminate or modify any of its responsibilities under the Decrees.

Third, the PepsiCo Defendants argue that the United States has a strong and direct interest in the availability of a federal forum in an action that is intertwined with the Decrees. Opp'n at 16. The factor courts consider is whether "the Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Gurlea*, 2023 WL 2708988 at *4. This is not an administrative action brought by the United States. It is also not an action to enforce, modify, or terminate the federal consent decree. The PepsiCo Defendants' reliance on *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) is misplaced. *Boyle* has nothing to do with federal jurisdiction; the question in *Boyle* was whether federal law displaced state law in

8

a defective design case involving a contractor providing military equipment to the federal government. *Id*. at 502.

### d. The Decrees do not serve to bring every Complaint that mentions Anguilla and Bovoni into the fold of federal question jurisdiction.

Lastly, to the balance of power inquiry, the PepsiCo Defendants argue that because the Decrees explicitly state that this Court retains jurisdiction over the case between the United States and the Government that produced the Decrees, "both Congress and this District have already rendered judgment that this Court may hear this dispute without raising any federalism concerns." Opp'n at 16–17 (citing Compl. ¶ 3; Doc. 1-10 (Anguilla Consent Decree) ¶ 99; Doc. 1-11 (Bovoni Consent Decree) ¶ 95). But this misrepresents the scope and terms of the Decrees.

Both Decrees direct that this Court "shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree, or entering orders modifying this Decree . . . or effectuating or enforcing compliance with the terms of this Decree." Doc. 1-10 ¶ 99; Doc. 1-11 ¶ 95 (same). Read in the context of the entire settlement agreement, the Decrees' terms make clear that "this case" refers to the two actions between the federal government and the Government of the Virgin Islands which produced the Decrees; "this case" does not refer to any unidentified actions that might later arise simply because they reference the Decrees. *See* Anguilla Consent Decree at § 1 (defining the contextual background of "this action"); Bovoni Consent Decree at § 1 (same).

### 2. The Government's action does not circumvent the Decrees.

The PepsiCo Defendants claim—without any support—that removal is independently proper because the Government's claims constitute an attempt to circumvent the Decrees by trying to delegate the Government's obligations to Defendants. Opp'n at 17–19. They are wrong in both fact and law.

9

As explained above, nothing in a future abatement order would—or could—alter the Government's responsibilities under the Decrees. Moreover, none of the PepsiCo Defendants' out-of-jurisdiction authorities support such a broad interpretation of federal jurisdiction. In fact, they all involve claims where a party's performance under a federal consent decree is expressly at issue. *See* Opp'n at 18 (citing *Bartlett v. Honeywell Int'l Inc.*, 737 Fed. Appx. 543, 546 (2d Cir. 2018) (case involved defendant's compliance with federal consent decree); *Baccus v. Parrish*, 45 F.3d 958, 960–61 (5th Cir. 1995) (plaintiffs sued to block task force created in accordance with federal settlement agreement). That is not the case here for the reasons previously explained.

### 3. The text of the Decrees does not create federal jurisdiction.

Contrary to the PepsiCo Defendants' claims, the Government does not argue that the Decrees deprive Defendants of the right to seek removal; rather, the Government maintains that the Decrees do not limit the Government's right to seek relief from Defendants' alleged conduct in their choice of forum (the Superior Court). *See Hill Int'l Inc. v. Virgin Islands Pub. Finan. Auth., Off. of Disaster Recovery*, 2025 WL 756696 at *6 n.14 (D.V.I. Mar. 5, 2025) (noting that "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about her suit," and, "courts cannot 'assume the role of advocate or rewrite pleadings to include claims that were never presented,'") (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 2025 WL 96212 at *7 (Jan. 15, 2025); *Tires v. Gov't of V.I.*, 68 V.I. 241, 251 (Super. Ct. 2018)). The Decrees vest this Court with continuing jurisdiction for three purposes only: 1) resolve disputes "arising under" the Decrees, 2) enter orders modifying the Decrees, or 3) enforce compliance with the Decrees. Doc. 1-10 at ¶ 99; Doc. 1-11 at ¶ 95. The PepsiCo Defendants have failed to carry their burden of showing that any of these purposes are contemplated by the Complaint, and, barring that showing, the Decrees do not vest this Court with authority to read federal jurisdiction into otherwise territorial claims.

10

**CONCLUSION**

For the forgoing reasons, the Government respectfully requests that this Court issue an Order remanding this case to the Superior Court.

Dated: August 13, 2025                                    RESPECTFULLY SUBMITTED,

/s/ *Jalicha Persad*
**JALICHA PERSAD**
**ASSISTANT ATTORNEY GENERAL**
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
Office of the Attorney General
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802-5749
T: (340) 774-5666 Ext. 10121

/s/ *Elizabeth Paige Boggs*
**LINDA SINGER**
(admitted *Pro Hac Vice*)
**ELIZABETH PAIGE BOGGS**
(admitted *Pro Hac Vice*)
**DEVIN X. WILLIAMS**
(admitted *Pro Hac Vice*)
**MOTLEY RICE LLC**
401 9th Street, NW, Suite 630
Washington, DC 20004
T: (202) 386-9628 F: (202) 386-9622
lsinger@motleyrice.com
pboggs@motleyrice.com
dwilliams@motleyrice.com

*Attorney for Plaintiffs Commissioner of the Department of Licensing and Consumer Affairs and Government of the United States Virgin Islands*