**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| COMMISSIONER OF THE DEPARTMENT OF LICENSING AND CONSUMER AFFAIRS, and GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, | ) ) ) ) | |
| | ) | Case No. 1:25-cv-0024 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEPSICO, INC., PEPSICO CARIBBEAN, INC., THE COCA-COLA COMPANY, and CC ONE VIRGIN ISLANDS, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ATTORNEYS:**

JALICHA PERSAD, ESQ.
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
ST. THOMAS, USVI
  *FOR PLAINTIFFS COMMISSIONER OF THE DEPARTMENT OF LICENSING AND CONSUMER AFFAIRS AND THE GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS*

ANDREW S. TULUMELLO, ESQ.
ARIANNA M. SCAVETTI, ESQ.
CLAIRE LOCKERBY CHAPLA, ESQ.
WEIL, GOTSHAL & MANGES
WASHINGTON, DC

ANDREW C SIMPSON
LAW OFFICES OF ANDREW SIMPSON
ST. CROIX, USVI
  *FOR DEFENDANTS PEPSICO, INC. AND PEPSICO CARIBBEAN, INC.*

JASON ROBERT VITULLO, ESQ.
STEVEN ZALESIN, ESQ.
PATTERSON BELKNAP WEBB & TYLER LLP
NEW YORK, NY

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 2 of 18

CHAD C. MESSIER, ESQ.
DUDLEY NEWMAN FEUERZEIG LLP
ST. THOMAS, USVI
 *FOR DEFENDANT THE COCA-COLA COMPANY*

ORESTE RAMOS, ESQ.
MARIANA L GARCIA VELAZQUEZ, ESQ.
PIETRANTONI MENDEZ & ALVAREZ LLC
SAN JUAN, PR

CHRISTOPHER ALLEN KROBLIN
KELLERHALS FERGUSON KROBLIN PLLC
ST. THOMAS, USVI
 *FOR DEFENDANT CC ONE VIRGIN ISLANDS, LLC*

## MEMORANDUM OPINION[1]

### ROBERT A. MOLLOY, Chief Judge

**THIS MATTER** comes before the Court on Plaintiffs, Commissioner of the Department of Licensing and Consumer Affairs and the Government of the United States Virgin Islands, ("Plaintiffs") Motion to Remand, filed on June 18, 2025. (ECF No. 46.) Defendants PepsiCo, Inc. and PepsiCo Caribbean, Inc. (the "PepsiCo Defendants" or "Removing Defendants")[2] filed an Opposition on July 23, 2025. (ECF No. 64.) Plaintiffs filed a Reply to Moving Defendants' Opposition on August 13, 2025. (ECF No. 65.) Plaintiffs seek remand to the Superior Court of the Virgin Islands pursuant to 28 U.S.C. § 1447(c), arguing that this Court does not have original jurisdiction over this case under 28 U.S.C. § 1441(a). For the reasons that follow, the

---

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

[2] The PepsiCo Defendants removed this action to federal court with the consent of their co-defendants The Coca-Cola Company and CC One Virgin Islands, LLC (the "Non-moving Defendants"). (ECF Nos. 1-8, 1-9.) The Non-moving Defendants neither joined the PepsiCo Defendants' Opposition nor filed an opposition.

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 3 of 18

Court finds that there is no federal question jurisdiction, and will grant Plaintiffs' Motion for

Remand and remand this case to the Superior Court of the Virgin Islands.

## I.    BACKGROUND

Plaintiffs filed the instant Complaint against the Defendants in this litigation on

April 11, 2025, in the Superior Court of the Virgin Islands. (ECF No. 1-1.) Plaintiffs bring three

causes of action: (1) Violations of Consumer Protection Law of 1973, 12A V.I.C § 101; (2)

Violations of the Consumer Fraud and Deceptive Business Practices Act, 12A V.I.C § 304; and

(3) a common law claim of Public Nuisance. *Id.* at 36-42.

Count One and Count Two are both alleged against only the PepsiCo Defendants and

The Coca-Cola Company, and claim that for at least the last ten years, "PepsiCo and Coca-Cola

engaged in deceptive trade practices in connection with the sale or offering for sale of

beverages packaged in single-use plastic bottles in the Virgin Islands." *Id.* at 35-36. Count

One alleges that the PepsiCo Defendants and The Coca-Cola Company made "false or

misleading statements or representations" about the characteristics of their plastic bottles-

e.g., its recyclability and the presence of microplastics—and the material facts of the plastic

bottles—e.g., the environmental and health hazards posed by the use of these bottles. *Id.* at

35. Count Two alleges an "intent to defraud," in connection with these trade practices, as well

as a "substantial injury to consumers which was not reasonably avoidable by consumers

themselves." *Id.* at 36. Count Three, the only count alleged against all Defendants, claims that

"Defendants have contributed to and/or assisted in creating a condition that involves a

significant interference with the public health, public comfort, and public convenience"

through their "contribut[ions] to plastic pollution by manufacturing, bottling, distributing, and selling beverages packaged in single-use plastic bottles in the Virgin Islands." *Id.* at 38.

On May 19, 2025, the PepsiCo Defendants removed the instant action to the District Court of the Virgin Islands.[3] (ECF No. 1.) The PepsiCo Defendants characterized Plaintiffs' Complaint as "seek[ing] to hold Defendants responsible for the recycling, disposal, and management of plastic waste in the Virgin Islands, an issue that has been the subject of longstanding federal litigation and ongoing [consent decree] obligations imposed on [the] USVI by a federal court in this District." *Id.* at 3. The PepsiCo Defendants represented that Plaintiffs have "not followed through on [their] obligations under the consent decrees," and that the legal theories in Plaintiffs' Complaint "are closely intertwined with, and will require interpretation of, the terms of the federal consent decrees." *Id.* at 5-6. On this basis, the PepsiCo Defendants asserted that this Court has federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367, respectively. *Id.* at 7 (stating "this action arises under the laws of the United States because all three counts of the Complaint necessarily involve substantial questions of federal law by virtue of the counts' express incorporation of and reliance on the Anguilla and Bovoni Consent Decrees, and collaterally attack the two federal court orders approving the consent decrees").

Plaintiffs acknowledge the existence of two consent decrees between the United States and the United States Virgin Islands related to the Anguilla and Bovoni landfills located in the U.S. Virgin Islands. (ECF No. 47 at 7-9.) In short, the United States Environmental

---

[3] The PepsiCo Defendants note that their removal is timely because it was filed "within 30 days of PepsiCo, Inc.'s receipt of the Complaint by service on April 21, 2025," as required under 28 U.S.C. § 1446(b)(1). (ECF No. 1 at 2.)

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 5 of 18

Protection Agency ("EPA") entered two administrative orders on consent regarding the waste management practices at the Anguilla and Bovoni landfills in 2000 and 2001. *Id.* at 7. In 2006, the EPA issued two compliance orders regarding violations of the Clean Air Act and other regulations. *Id.* Finally, in 2008, the EPA issued an administrative order on consent regarding scrap tire disposal near the Bovoni facility. *Id.* at 8. In 2010, the United States, on behalf of the EPA, filed a civil action in the District Court of the Virgin Islands. *Id.* This civil lawsuit was resolved through the entry of two consent decrees related to the Anguilla and Bovoni landfills (the "Consent Decrees"). *Id.*

On June 18, 2025, Plaintiffs moved to remand the instant case to the Superior Court of the Virgin Islands, on the basis that the Court does not have federal question jurisdiction over this case. (ECF No. 46.)

## II.    LEGAL STANDARD

An action may be removed to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Any defendant may

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The time for removal is 30 days after service of the complaint. 28 U.S.C. § 1446(b). Once an action is removed, a plaintiff may challenge removal by moving to remand the case to state court. 28 U.S.C. § 1447(c). A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.*

To defeat a motion to remand for lack of subject-matter jurisdiction, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Generally, "[f]ederal removal statutes 'are to be strictly construed against removal and all doubts are to be resolved in favor of remand.'" *Feuerzeig v. Innovative Communications Corp.*, 174 F.Supp.2d 349, 353 (D.V.I. 2001) (quoting *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Federal question jurisdiction "ordinarily rests on the presence of a federal cause of action on the face of the complaint." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 411 (3d Cir. 2015). There are "only extremely rare exceptions" to this rule. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). However, there is a "'special and small category of cases' in which arising under jurisdiction still lies" over a state law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Id.*, 568 U.S. at 257(citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)); *see also MHA LLC*, 629 F. App'x at 411 (characterizing the *Gunn-Grable* extension as a "narrow exception for certain embedded federal issues").

For federal question jurisdiction—both "the ordinary variety and the rarer [*Gunn-*]*Grable type*"—the party asserting jurisdiction "must satisfy the 'well-pleaded complaint rule,'" which requires that the "grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir.

2016) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983)). Thus, "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.*

Finally, "[t]he party asserting a federal court's jurisdiction bears the burden of proving that jurisdiction exists." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)). Federal courts do not have jurisdiction "without affirmative evidence of this fact." *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006)).

## III.    DISCUSSION

There is no federal cause of action in Plaintiffs' Complaint that establishes federal question jurisdiction. (ECF No. 1-2 at 35-37.) That is undisputed. Thus, the Removing Defendants bear the burden of establishing, under *Gunn-Grable*, that is "clear on the face of the pleading that initiates the case" that the Plaintiffs' right to relief on their territorial claims "necessarily depends on resolution of a substantial question of federal law[.]" *Goldman*, 834 F.3d at 249 (3d Cir. 2016).

Removing Defendants make two alternative arguments regarding federal question jurisdiction. First, they argue that all three claims in Plaintiffs' Complaint "necessarily involve substantial questions of federal law" because all three counts "incorporate[e]" and "rel[y]" on the federal consent decrees, and therefore the Court has original jurisdiction over all three counts. (ECF No. 1 at 7.) Second, Removing Defendants alternatively claim that the Court has federal question jurisdiction over Count Three—alleging public nuisance against all

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 8 of 18

Defendants—of Plaintiffs' Complaint, and therefore also can exercise supplemental jurisdiction over Count One and Count Two—alleging deceptive trade practices against the PepsiCo Defendants and The Coca-Cola Company. *Id.* at 8. Removing Defendants broadly argue that "purported reliance on territorial-law causes of action in an attempt to pass off its federal consent-decree responsibilities, including those related to recycling and waste management and diversion programs, to Defendants 'necessarily call[s] into question the Court's power to enforce' the decrees," and thus "[t]he court that presides over this action will therefore need to construe the consent decrees and determine how to apply them here, necessarily raising a federal question." *Id.* at 8-9. Defendants further argue that "[n]umerous cases applying *Grable* confirm that a complaint's invocation of federal consent decrees necessarily raises federal issues." (ECF No. 64 at 15.)

This Court observes, as an initial matter, that federal consent decrees *may* necessarily raise an actually dispute and substantial federal issue that can be resolved in federal court without disrupting the federal-state balance, but appear to do so infrequently. Of the thirteen cases that this Court is aware of where the existence of a federal consent decree was utilized in argumentation regarding whether a federal court has jurisdiction over state law claims under *Gunn-Grable*, only four cases[4] ultimately found jurisdiction. These four cases resolved situations where either (1) a plaintiff's state law claims challenged the implementation of a

---

[4] *See Police Ass'n of New Orleans v. City of New Orleans*, 572 F.Supp.3d 265 (E.D. La. 2021); *Camillus Clean Air Coal. v. Honeywell Int'l, Inc.*, Civil No. 2013-365, 2013 U.S. Dist. LEXIS 125843 (N.D.N.Y. Sept. 4, 2013) (finding federal jurisdiction over state law claims where the plaintiffs' claims were based on allegations that the defendant "failed, in various ways, to comply with the terms of the [federal] Consent Decree . . . ordered in the related action"); *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543 (2d Cir. 2018); *United States v. City of Loveland, Ohio*, 621 F.3d 465 (6th Cir. 2010). Three of these cases are cited in support by the PepsiCo Defendants. (ECF Nos. 1 at 9, 15, 64 at 10-11, 18).

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 9 of 18

federal consent decree by a defendant,[5] or (2) the parties to a federal consent decree jointly

sought relief against a non-party for actions, taken under state law, that would have directly

undermined the implementation of a federal consent decree.[6] In contrast, eight cases have

found no federal question jurisdiction over state law claims under *Gunn-Grable*,

notwithstanding a federal consent decree, where state law claims incorporate the findings

of a consent decrees as facts supporting the state law claims,[7] or compliance with the consent

decree constitutes a defense rather than an essential element of the state law claim.[8]

---

[5] For example, the *Police Ass'n of New Orleans v. City of New Orleans* Court found resolution of a federal question necessary to the state law claims of police officers against the City of New Orleans seeking to prevent the city from implementing reforms ordered through a federal consent decree that affected their promotion procedures. 572 F.Supp.3d at 275 ("Plaintiffs' state-law efforts to prevent the City from implementing reforms ordered by this Court necessarily call into question the Court's power to enforce the Consent Decree under 42 U.S.C. § 14141[], the Safe Streets Act, and the Civil Rights Act. This federal issue is necessary to the resolution of the case because, although the petition sets forth a state-law cause of action, it essentially alleges the promotions provisions of the Consent Decree were beyond the authority of the Court under 42 U.S.C. § 14141 and that these provisions are unenforceable because they conflict with state law."); *see also Bartlett*, 737 F. App'x at 545 (indirectly affirming the ruling in *Camillus*, and finding multiple bases for federal jurisdiction over, and federal preemption of, local residents' state law claims regarding the remediation of a superfund waste site where the residents' "alleged state tort law violations [would] conflict with a CERCLA remediation plan enforced by a federal consent decree").

[6] *See City of Loveland*, 621 F.3d at 470-73 (preventing a neighboring city from withdrawing their local segment of a sewer system from a sewer operations contract, and terminating the contract under state law, where the operator of the sewer system and the greater metropolitan city were subject to a consent decree requiring upgrades to the entire sewer system).

[7] *See St. Mary's Reg'l Med. Ctr. v. Renown Health*, 35 F.Supp.3d 1275 (D. Nev. 2014) (finding that inclusion as exhibits of an FTC investigation under the Clay Act that led to a consent decree in support of a complaint alleging state law claims does not—through incorporation of those exhibits—raise a federal law issue); *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, LLC*, Civil No. 2017-405, 2020 U.S. Dist. LEXIS 27177 (M.D. La. Feb. 18, 2020) (finding that where there is no express or implied challenge to the framework of federal law, a federal consent decree, or a specific federal agency action underlying the context of energy contracts, a state law breach of contract claim does not raise a substantial federal issue).

[8] *See Negrete v. City of Oakland*, 46 F.4th 811 (9th Cir. 2022) (finding no federal question necessarily raised where compliance with a federal consent decree may provide a defense to state law claims); *Hartel v. Beazer E., Inc.*, No. 2023-1629, 2025 U.S. Dist. LEXIS 60044 (W.D. Pa. Mar. 31, 2025) (finding defendants' compliance with a federal consent decree constitutes a defense to state law claims); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2019-07488, 2020 U.S. Dist. LEXIS 105213 (N.D. Cal. June 16, 2020) (finding it "unsupported" that a federal court has "jurisdiction to decide whether compliance with California law 'is consistent with the comprehensive scheme articulated in the Consent Decree'"); *Industria Lechera De Puerto Rico, Inc. v. Beiro*, 989 F.3d 116 (1st Cir. 2021) ("[T]he existence of the prior federal consent decree is a potential defense that cannot independently grant federal jurisdiction").

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 10 of 18

Contrary to the PepsiCo Defendants' claim that "the propriety of removal does not depend on which litigant is subject to the invoked decree," ECF No. 64 at 17, it does appear that there is no other case where a defendant has attempted to use the fact of a consent decree involving a plaintiff as shield for the defendant's own liability.[9] Lastly, one case, out of the thirteen, was decided on alternative standing grounds.[10]

As a secondary matter, the Court notes that reference to and incorporation of a federal consent decree or possible violations of federal law in a plaintiff's Complaint as a factual background to their state law claims does not—through reference to and incorporation of those facts—by itself raise an issue of federal law. *See St. Mary's Reg'l Med. Ctr. v. Renown Health*, 35 F.Supp.3d 1275, 1284 (D. Nev. 2014) ("The 'mere presence' of the Clayton Act [and a consent decree with the FTC] in the background of Plaintiffs' [Nevada's Unfair Trade Practices Act] claims does not create a federal issue."). Thus, Defendant's broad argument that "[t]his Court has federal question jurisdiction based on the Complaint's express incorporation of two federal consent decrees that are central to Plaintiffs' claims," (ECF No. 64 at 5), and that Plaintiffs' Complaint is distinguishable from other *Gunn-Grable* cases because it "expressly incorporate[s] the consent decree," *id.* at 17, is unavailing because

---

[9] A consent decree is usually invoked in the *Gunn-Grable* context, as noted in this section, either in the posture of a defendant using the fact of their own consent decree as a shield, or a plaintiff using the fact of their consent decree as a sword.

[10] *See Voice of the Experienced v. Cantrell*, Civil No. 2023-5067, 2023 U.S. Dist. LEXIS 190472 (E.D. La. Oct. 24, 2023) (finding that the plaintiff lacked Article III standing in a state law claims case against the Mayor of the City of New Orleans regarding their allocation of city funds allegedly reallocating funds from other city initiatives "to bring the jail into compliance with the [city's federal] consent decree" and declining to rule on the federal question jurisdiction alleged under *Gunn-Grable*).

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 11 of 18

incorporation of facts relating to a federal consent decree is insufficient grounds, by itself, for federal jurisdiction.

### A.    Necessarily Raised

The first prong of the *Gunn-Grable* test requires the PepsiCo Defendants to demonstrate that a federal issue is "necessarily raised" by Plaintiffs' claims. *Gunn*, 568 U.S. at 257 (citing *Grable*, 545 U.S. at 313-14). To evaluate this, courts look to whether the elements of a plaintiff's claims "can be established without adjudicating any federal issue." *Hartel v. Beazer E., Inc.*, No. 2023-1629, 2025 U.S. Dist. LEXIS 60044, at *18 (W.D. Pa. Mar. 31, 2025); *see also Negrete v. City of Oakland*, 46 F.4th 811, 819-20 (9th Cir. 2022) ("whether an issue is necessarily raised depends on if it is 'an essential element' of a plaintiff's claim"). Accordingly, to satisfy their burden, "[a] removing defendant 'should be able to point to the specific elements of [the plaintiff's] state law claims' that require proof under federal law." *City of St. Charles v. Union Elec. Co.*, 2023 U.S. Dist. LEXIS 196902, at *6 (E.D. Mo. Nov. 2, 2023).

### 1.    *Count One and Count Two – Deceptive Trade Practices*

The PepsiCo Defendants claim that the legal theories of Count One[11] and Count Two[12] "cannot [be] untangle[d]" from the consent decrees. (ECF No. 64 at 13.) The PepsiCo

---

[11] The elements of a Consumer Protection claim under 12A V.I.C. § 101 are: "(1) defendant is a 'person' under [the Consumer Protection Law]; (2) defendant is engaged in a deceptive or unconscionable trade practice; and (3) the deceptive or unconscionable trade practice occurred during the sale, lease, rental or loan of any consumer goods or services." *Gov't of United States Virgin Islands v. Takata Corp.*, 67 V.I. 316, 381 (Super. Ct. 2017); *see also Rondon v. Caribbean Leasing & Eco Transportation, Inc.*, 74 V.I. 397, 408-09 (Super. Ct. 2021)

[12] The elements of a Consumer Fraud and Deceptive Business Practices claim under 12A V.I.C. § 304 are: "(1) defendant is a "person" under [the Consumer Fraud and Deceptive Business Practices Act]; (2) defendant is engaged in unfair methods of competition, unfair, or deceptive trade acts or practices; and (3) that the unfair method of competition or deceptive trade act or practice occurred in the conduct of any trade or commerce." *Gov't of United States Virgin Islands v. Takata Corp.*, 67 V.I. 316, 396 (Super. Ct. 2017); *see also Helman v. Marriott Int'l, Inc.*, 2020 U.S. Dist. LEXIS 139690, at *59 (D.V.I. Aug. 5, 2020)

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 12 of 18

Defendants conclude that Plaintiffs cannot prove that the PepsiCo Defendants "deceived consumers about the recyclability of their bottles" without "evaluating the availability of plastics recycling in the U.S. Virgin Islands and local public knowledge regarding recycling practices—necessarily implicating Plaintiffs' compliance with the decrees' mandates." *Id.* at 14. First, the PepsiCo Defendants' argument only makes broad arguments about these causes of action; it does not identify a specific element of either Count One or Count Two that requires proof under federal law. Second, the PepsiCo Defendants' argument that the Plaintiffs' obligations under the Consent Decrees to inform the public regarding recycling practices exculpate the PepsiCo Defendants' obligations to follow Virgin Islands laws regarding fair trade practices is a non sequitur.

As Plaintiffs accurately identify, while the Consent Decrees do "require the Government to take certain steps to improve its waste management practices," these requirements do not "relieve Defendants of their obligations to comply with the law in the marketing and selling of their plastic products." (ECF No. 65 at 5.) The elements of Count One and Count Two hinge on what occurs at *the point of sale* between the company and the consumer: Plaintiffs must establish that: (1) Defendants are each a covered entity under each the Consumer Protection Law ("CPL") and the Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"); (2) Defendants engaged in deceptive trade practices, and (3) the trade practice occurred either "during the sale" or "in the conduct of any trade or commerce." *See Gov't of United States Virgin Islands v. Takata Corp.*, 67 V.I. 316, 381, 396 (Super. Ct. 2017). The *point of sale* categorically differs from the *point of consumption*, which is also categorically different from the *point of disposal*. On its face, Plaintiffs' Complaint raises a

legal theory about the *point of sale*: namely, that the PepsiCo Defendants and The Coca-Cola Company engaged "in deceptive trade practices in connection with the sale or offering for sale of beverages packaged in single-use plastic bottles in the Virgin Islands." (ECF No. 1-1 at 35-36.) There can be no federal issue that is "necessarily raise[d]" on the face of these allegations that requires interpretation of the Consent Decrees—governing the *point of disposal*—that is required in order for the Plaintiffs to prove the elements of Count One and Count Two respectively. *See Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, LLC*, Civil No. 2017-405, 2020 U.S. Dist. LEXIS 27177, at *65 (M.D. La. Feb. 18, 2020) ("There is no element of a breach of contract claim under Louisiana law that requires the resolution of a federal law issue. Therefore, this dispute does not necessarily raise a federal issue.").

The PepsiCo Defendants have not demonstrated that any specific element of Count One or Count Two "require[s] proof under federal law," *City of St. Charles*, 2023 U.S. Dist. LEXIS 196902, at *6, and therefore they have not borne their burden of proof to demonstrate that either of these counts "necessarily raise[s]" a federal issue. *Gunn*, 568 U.S. at 257 (citing *Grable*, 545 U.S. at 313-14). Because the PepsiCo Defendant have not met the first prong of the *Gunn-Grable* test for Count One or Count Two, the Court need not evaluate the other three prongs for these counts. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2019-07488, 2020 U.S. Dist. LEXIS 105213, at *421 (N.D. Cal. June 16, 2020) ("Because all three arguments [regarding the 'necessarily raised' requirement] fail, it is unnecessary to address the other requirements from *Grable*.").

### 2. *Count Three – Public Nuisance*

The PepsiCo Defendants frame the public nuisance alleged here as "caus[ing] plastic pollution in USVI through their manufacture, bottling, distribution, and/or sale of single-use plastic bottles." (ECF No. 1 at 10.) They argue that Plaintiffs will have to prove that Defendants "caused and created" a public nuisance and that Plaintiffs "will be unable to do so" because "the asserted harm is . . . caused by USVI's longstanding violations of federal laws and failure to comply with its obligations under the expressly incorporated federal consent decrees" and therefore the federal question necessarily raised is "whether USVI's violation of the consent decrees is the legal cause of the injuries it alleges here." *Id.*

Plaintiffs, in turn, argue that the PepsiCo Defendants' "conclusory liability shifting arguments" seek to "erase the consequences of their own misconduct." (ECF No. 47 at 15.) Plaintiffs claims that "Defendants have contributed to the creation of a public nuisance through their intentional deceptive marketing of single-use plastics" and that "whether a court would acknowledge the existence of the Decrees does not make them necessary to the Government's claims." *Id.*

The public nuisance cause of action appears to be analyzed as at least a three-element tort requiring a showing that (1) a "right common to the general public", (2) has been interfered with, (3) in an "unreasonable" manner. *See Bell v. Radcliffe*, No. ST-13-CV-392, 2014 V.I. LEXIS 119, at *22 (Super. Ct. Apr. 30, 2014) (conducting a *Banks* analysis of this claim and highlighting the "right common to the general public" element); *see also Takata Corp.*, 67 V.I. at 404 (concurring with the *Banks* analysis conducted in *Bell*, and highlighting the "interference" and "unreasonable" elements). Virgin Islands courts do not appear to have

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 15 of 18

reached consensus on whether causation is an element of the public nuisance tort, and if so, the required showing. *Compare Radcliffe*, 2014 V.I. LEXIS 119, at *22 (conducting no causation analysis); *with Takata Corp.*, 67 V.I. at 404 (noting that "[i]n general, courts also require the plaintiff make some showing of causation that links the defendant to the creation or maintenance of the public nuisance" and that the "causation requirement" is "expansively construed"); *with Sickler v. Mandahl Bay Holding Inc.*, No. ST-10-CV-331, 2014 V.I. LEXIS 39, at *23 (V.I. Super. July 7, 2014) (requiring a showing of proximate causation while noting that "[n]o court in the Virgin Islands has categorically held that proximate cause must be established in a case for public nuisance").

Thus, to the extent that the PepsiCo Defendants' arguments are predicated on a "proximate cause" or "but-for cause" element (ECF No. 64 at 11 (citing *Sickler*, 2014 V.I. LEXIS 39, at *22-23), the Court rejects those arguments.[13] The single case cited by the PepsiCo Defendants for this proposition is insufficient, especially given the countervailing caselaw.[14]

To the extent an additional element regarding some level of causation is required for a public nuisance tort, PepsiCo Defendants' arguments that Plaintiffs' compliance with the Consent Decrees is a "necessarily raised" issue for such an element fails. Where a public nuisance is alleged to be "caused by the lack of information afforded to the public" regarding

---

[13] PepsiCo Defendants argue that because "[t]he consent decrees require Plaintiffs to mitigate waste, implement recycling programs for plastics, and educate the public regarding how to increase recycling," if Plaintiffs "have [not] adequately complied with those requirements," then the PepsiCo Defendants' conduct cannot be the "but-for cause of, or even a substantial factor in bringing about, the asserted public nuisance of 'plastic pollution.'" (ECF No. 64 at 12.)

[14] *Compare Sickler*, 2014 V.I. LEXIS 39, at *20 (V.I. Super. July 7, 2014) (adopting the statutory definition of public nuisance as defined in Virgin Islands criminal law under 14 V.I.C. § 1461 as "declaring the standard common law definition of public nuisance"), *with Takata Corp.*, 67 V.I. at 404 (rejecting the *Sickler* court's adoption of criminal law, noting "the criminal definition of public nuisance does not dictate the law governing the civil tort of public nuisance" in favor of the *Banks* analysis conducted in *Radcliffe*).

the public, a Virgin Islands court has held that such an allegation is "sufficient" in demonstrating "causation." *Takata Corp.*, 67 V.I. at 409. Here, that is precisely the case: Count Three alleges that Defendants "contributed to plastic pollution by manufacturing, bottling, distributing, and selling beverages packaged in single-use plastic bottles" and by "falsely marketing Defendants' products in single-use plastic bottles" through the use of specific false representations. *See* ECF No. 1-2 at 39-40 (detailing six allegedly false representations that Defendants made pursuant to their marketing activities, including e.g. "falsely representing that single-use plastic can be continuously recycled as part of a circular plastics economy, including that single-use plastic beverage bottles can be continuously remade into single-use plastic beverage bottles rather than being downcycled into other products"). Accordingly, a causation element, if indeed required, could be established "without adjudicating any federal issue." *Hartel*, 2025 U.S. Dist. LEXIS 60044, at *18. Absent any "require[d] proof under federal law," a federal issue is not "necessarily raised." *City of St. Charles*, 2023 U.S. Dist. LEXIS 196902, at *6.

Accordingly, at best, the PepsiCo Defendants' argument that Plaintiffs' "violation of the consent decrees is the legal cause of the injuries it alleges here" constitute a defense to Count Three. (ECF No. 1 at 10.) Where a defendant raises the existence of a federal consent as a *defense* to state law claims, that does not suffice for a court to extend federal question jurisdiction over the underlying claim. *Hartel*, 2025 U.S. Dist. LEXIS 60044, at *25 ("[W]hile Defendants may choose to offer evidence of compliance with the Consent Decree as a defense to certain claims in this matter, such a defense is not sufficient to invoke this Court's federal jurisdiction over Plaintiffs' state law claims."); *Negrete*, 46 F.4th at 819 ("To be sure, there is

a potential federal issue involving the question of how to resolve an alleged conflict between the *Allen* Consent Decree and the Charter. Although this question would inevitably arise in this case and may involve a federal issue . . . [a]t most, it is a federal issue that may arise as a potential defense." (citation modified)).

Finally, the PepsiCo Defendants argue that the "necessarily raised" requirement is met for Count Three because "the Court cannot adjudicate liability and cannot fashion Plaintiffs' requested remedy (an abatement order) without interpreting and applying the terms of the decrees that Plaintiffs invoke in support of their claims." (ECF No. 64 at 11.) Specifically, the PepsiCo Defendants argue that "any abatement order 'must be crafted with the requirements of the Consent Decree[s] firmly in mind.'" *Id.* at 12. However, this argument ignores the crux of Plaintiffs' allegations, which pertain to Defendants allegedly "affirmatively misrepresenting and concealing information" regarding the "known hazard[s]" of their products and the "placement" of such products "into the stream of commerce." *Takata Corp.*, 67 V.I. at 410-11. Abatement from the production, distribution, and marketing of products in single-use plastic bottles requires no coordination with Plaintiffs' waste management obligations under the Consent Decrees.

In sum, the PepsiCo Defendants have not demonstrated that the elements of Count Three "require proof under federal law," *City of St. Charles*, 2023 U.S. Dist. LEXIS 196902, at *6, and therefore they have not borne their burden of proof to demonstrate that this count "necessarily raise[s]" a federal issue. *Gunn*, 568 U.S. at 257 (citing *Grable*, 545 U.S. at 313-14). Because the PepsiCo Defendants have not met the first prong of the *Gunn-Grable* test for Count Three, the Court need not evaluate the other three prongs for these counts. *In re*

*Comm'r of the Dep't of Licensing and Consumer Affs. v. Pepsico, Inc.*
Case No. 1:25-cv-0024
Memorandum Opinion
Page 18 of 18

*Volkswagen*, 2020 U.S. Dist. LEXIS 105213, at *421 ("Because all three arguments [regarding the 'necessarily raised' requirement] fail, it is unnecessary to address the other requirements from *Grable*.").

Federal removal statutes "are to be strictly construed against removal," and "all doubts are to be resolved in favor of remand." *Feuerzeig*, 174 F.Supp.2d at 353. Here, the Court finds that—without a doubt—it does not possess federal jurisdiction over Plaintiffs' claims. This case is not one of the "extremely rare exceptions," *Gunn*, 568 U.S. at 257, that calls for the exercise of federal question jurisdiction despite the presence of only state law claims in the Complaint.

## IV.    CONCLUSION

For the reasons outlined above, the Court finds that Defendants have not met their burden of proof to demonstrate that the Court can exercise federal question jurisdiction over any of Plaintiffs' claims. Without federal jurisdiction over at least one claim in this action, the Court cannot exercise supplemental jurisdiction over the remaining claims. Consequently, in the absence of subject matter jurisdiction, the Court must grant the motion to remand.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** March 23, 2026                    */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **Chief Judge**